

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5146 | **DATE** | 6/10/2004 |
| **CASE TITLE** | BOOKER MOORE V. CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 16 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 53 |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

BOOKER MOORE,

    Plaintiff,

v.

CITY OF CHICAGO,

    Defendant.

No. 99 C 5146
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### Factual Background

On August 9, 1999, Booker Moore filed this lawsuit against the City of Chicago ("the City"), alleging discrimination and retaliation in violation of Title VII, 42 U.S.C. §2000e. Moore later amended his Complaint to include a claim for discrimination under 42 U.S.C. §1981. From 1964 until his retirement in October 1999, Moore was employed as a Chicago police officer. In his Complaint, Moore alleges that the City discriminated against him by transferring him from Area One, Property Crimes to the Third District, Patrol Division and retaliated against him by giving him lower performance reviews, putting him on "bogus" assignments, and subjecting him to unwarranted discipline.

### Analysis

The City now moves for summary judgment. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). In determining whether any genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty*

*4 Lobby, Inc.,* 477 U.S. 242, 255 (1986). A genuine issue of fact exists only when, based on the record as a whole, a reasonable jury could find for the non-movant. *Pipitone v. United States,* 180 F.3d 859, 861 (7th Cir. 1999).

## I. Moore's § 1981 Claim

The City argues that Moore's § 1981 claim is time-barred. The applicable statute of limitations for a § 1981 claim corresponds to the state period for personal injury-style tort claims, *Goodman v. Lukens Steel Co.,* 482 U.S. 656 (1987), which in Illinois is two years from the date of the alleged discriminatory conduct. *Vakharia v. Swedish Covenant Hosp.,* 190 F.3d 799, 807 (7th Cir. 1999). In this case, Moore's alleged discriminatory transfer occurred on October 15, 1992 but Moore did not file his § 1981 claim until May 26, 2000, nearly eight years later. Since Moore's filing was made well outside the statutory period, I find that it is time-barred.

## II. Moore's Title VII Claim of Discrimination

Moore bases his Title VII discrimination claim on his October 15, 1992 transfer. Since Moore has not presented any direct evidence of discrimination, he must rely on the indirect method of proof. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under the indirect method, Moore must establish a *prima facie* case for discrimination. *Id.* To establish a *prima facie* case for discrimination, the plaintiff must show that he is a member of a protected class, he was performing his job satisfactorily, he suffered an adverse employment action, and similarly situated employees who were not members of the protected class were treated more favorably. *Hughes v. Brown,* 20 F.3d 745, 746 (7th Cir. 1994).

The City argues that Moore cannot establish his *prima facie* case because the complained of transfer was not an adverse employment action. Not everything that makes an employee

2

unhappy is an actionable adverse action. *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). Only tangible employment actions that cause a significant change in employment status constitute actionable adverse actions. *Burlington Indus. v. Ellerth*, 524 U.S. 742, 753 (1998). Examples of actionable adverse actions include hiring, firing, failing to promote, reassigning with significantly different responsibilities, or a decision causing a significant change in benefits. *Id.* "A purely lateral transfer, without more," is not an adverse employment action. *Williams v. Bristol-Myers Squibb, Co.*, 85 F.3d 270, 274 (7th Cir. 1996). A reassignment can, however, constitute an adverse employment action if the new position has fewer opportunities for job promotions, *Grayson v. City of Chi.*, 317 F.3d 745, 750 (7th Cir. 2003), or if the reassignment has a less distinguished title. *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1034 n.13 (7th Cir. 2003).

Moore claims that his transfer constituted a materially adverse employment action because it was "a stigmatizing event." (Moore Resp. P. 4). In Moore's opinion, sergeants in the detective division were more highly thought of than those in the patrol division and were more likely to receive promotions.[1] While Moore states his opinions about the lower level of prestige and fewer opportunities for promotion, he does not present any facts, either in his affidavit or in the record as a whole, that substantiate those opinions. Such "conclusory allegations, unsupported by specific facts" are insufficient to create a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) ( citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871,

---

[1] After the transfer, Moore retained his status as a sergeant, salary, and benefits.

888, (1990)). Since Moore has not established that he suffered an adverse employment action, I find that summary judgment on his discrimination claim is appropriate.[2]

### III. Moore's Title VII Claims of Retaliation

Moore claims that, after he filed his Title VII claim with the Equal Employment Opportunity Commission ("EEOC"), the City retaliated against him by giving him lower performance ratings, subjecting him to unwarranted discipline, and giving him "bogus" assignments. Here again, Moore has no direct of evidence of retaliation and must rely on the indirect method of proof. To put forth a *prima facie* case of retaliation, Moore must show, among other things, that he was treated differently than a similarly situated employee who had not complained to the EEOC. *Little v. Ill. Dep't of Revenue*, 2004 U.S. App. LEXIS 10439 at *10 (7th Cir. 2004). The City argues that Moore cannot identify any such officer. Indeed, Moore has not alleged any facts or provided any evidence tending to show that another Third District officer performed equivalently yet received higher performance ratings, fewer reprimands, less disciplinary action, or was given better assignments. Since Moore cannot establish that another officer in the Third District received more favorable treatment, I find that summary judgment is appropriate.[3]

---

[2] Since I am granting summary judgment on these grounds, I need not decide whether Moore's Title VII discrimination claim is time-barred or whether other similarly situated non-African American employees were treated more favorably.

[3] Since Moore has failed to establish a *prima facie* case for retaliation, I need not decide the issue of pretext.

4

For the reasons stated herein, the City's Motion for Summary Judgment is GRANTED.

ENTER:

*James B. Zagel*
United States District Judge

DATE: 10 June 2004